UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REGINALD E. THOMAS (#430490)                                CIVIL ACTION

VERSUS

C.B. JOHNSON, ET AL.                                        NO. 14-0331-JWD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 5, 2015.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**REGINALD E. THOMAS (#430490)**                                   CIVIL ACTION

**VERSUS**

**C.B. JOHNSON, ET AL.**                                           NO. 14-0331-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to Order dated June 17, 2014 (R. Doc. 3), the plaintiff was ordered to pay, within twenty-one (21) days, an initial partial filing fee in the amount of $ 1.67, "or this action shall be dismissed."  The Court thereafter entered an Order on July 22, 2014 (R. Doc. 6), granting the plaintiff a 14-day extension of time within which to make the required payment.  In an apparent attempt to comply with the Court's Order, the plaintiff filed, on August 18, 2014, a Motion for Written Authorization ... to Withdraw Initial Partial Filing Fee (R. Doc. 9), pursuant to which he requested that the Court order prison officials to withdraw the initial fee from his inmate accounts.  The Court denied that Motion pursuant to Order dated September 16, 2014 (R. Doc. 10), and instructed the plaintiff that it was the plaintiff's obligation to submit an Inmate Withdrawal Slip to prison officials for processing and that the Court would not do it for him.  The Court further instructed the plaintiff to file with the Court, within fourteen (14) days of the date of the Order, documentation reflecting that he had completed an Inmate Withdrawal Slip and submitted same to prison officials to effectuate payment of the initial partial filing fee.  *Id.*

The plaintiff has responded to the Court's Order, *see* R. Docs. 13 and 16, but the Court finds that the plaintiff's response is deficient.  First, the plaintiff complains (1) that he only has a "reserve account" at the prison, not a withdrawal account, (2) that prison officials will not permit

him to withdraw monies from his reserve account, and (3) that he is therefore unable to request the withdrawal of funds to pay an initial partial filing fee.  The Court rejects this contention. Specifically, to the extent that the plaintiff may wish to pursue litigation before this Court, he is required to maintain an account at the prison from which funds may be withdrawn and, upon receipt of monies, is required to allocate funds between his respective accounts so as to have sufficient money in such account for payment of the initial partial filing fee ordered by the Court.

Second, the plaintiff contends that he has twice requested the withdrawal of the initial partial filing fee from his accounts, but prison officials have rejected his requests because of insufficient funds in the accounts.  The Court is also not persuaded by this contention. Specifically, the Court's Order for payment of an initial partial filing fee was dated June 17, 2014 (R. Doc. 3), and was based upon information provided by prison officials that, whereas the plaintiff did not have sufficient funds for payment of the initial partial fee at that time, he received average monthly deposits that would allow him to make the payment.  *See* R. Doc. 2. Whereas the plaintiff has produced documentation reflecting that he submitted withdrawal requests to prison officials on June 24 and July 30, 2014, respectively, *see* R. Doc. 13-1 at pp. 5-6, and whereas those requests were apparently rejected by prison officials due to insufficient funds in the plaintiff's accounts at that time, the referenced documentation also reflects that the plaintiff thereafter received $40.00 in August, 2014, *see id.* at pp. 3-4,  *subsequent* to his initial withdrawal requests, and he has failed to show the Court that he has since submitted any withdrawal requests for payment of the initial partial fee.

Based on the foregoing, the Court finds that the documentation attached to the plaintiff's response reflects that he was in receipt of moneys in August, 2014, sufficient to pay the Court's initial partial filing fee and that he has failed to do so.  In the absence of any explanation by the

plaintiff for his failure to request withdrawal from his accounts to make the required payment once he was in possession of the necessary funds, the Court finds that the plaintiff has failed to show good cause for his failure to pay the initial partial filing fee.

## RECOMMENDATION

It is recommended that the above-captioned proceeding be dismissed, without prejudice, for failure of the plaintiff to comply with the Court's Orders to pay an initial partial filing fee.

Signed in Baton Rouge, Louisiana, on November 5, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**